United States District Court
Southern District of Texas
**ENTERED**
July 09, 2026
Nathan Ochsner, Clerk

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| Brandon Hicks, | § | |
| | § | |
| *Plaintiff*, | § | |
| | § | |
| v. | § | Civil Action No. 4:25-cv-4762 |
| | § | |
| Dagnee McKinney and | § | |
| Karen Rundlof, | § | |
| | § | |
| *Defendants*. | § | |

**JUDGE PALERMO'S**
**REPORT AND RECOMMENDATION AND ORDER**

This case stems from a previous divorce.[1] There are multiple motions pending before the Court. Plaintiff Brandon Hicks filed two motions to amend and filed his amended complaint before obtaining leave. ECF Nos. 36, 39, 56. In addition, Defendant Dagnee McKinney moves to dismiss. ECF No. 43. Plaintiff responded. ECF No. 61. Having considered the parties' briefing and the applicable law, the Court grants Plaintiff's motion to amend and recommends McKinney's motion to dismiss be granted. In addition, the Court grants McKinney's motion to abate pending the final resolution of the motion to dismiss, and denies Plaintiff's motions to compel discovery, ECF Nos. 44, 46, 62, 63,

**I.     BACKGROUND**

In 2016, Hicks and his wife divorced. ECF No. 1-2 at 52. McKinney is a

---

[1] The district judge referred all pretrial proceedings under 28 U.S.C. § 636. Order, ECF No. 55.

private attorney and represented Hicks' ex-wife in the divorce proceedings. *Id.* Hicks claims he "did not receive any proper and timely legal notice of [his] divorce hearing," leaving him without "an opportunity to contest any claims, demands, custody agreements, separation of assets/property or retain [his] own legal counsel." *Id.*

Eight years later, in June 2024, Hicks "was properly served and notified by an officer of the courts that [he] needed to appear for a child support hearing." *Id.* He alleges that McKinney and an attorney from the Texas AG's Office, Karen Rundlof, "conspired with [his] ex-wife . . . to . . . violate [his] rights" in the divorce and child-support proceedings somehow. *Id.*

Hicks sued McKinney and Rundlof on October 3, 2025, alleging that they violated his "constitutional right to due process under the 14th Amendment of the U.S. Constitution and Article I, section 19 of the Texas Constitution." ECF No. 1 at 3, ECF No. 56.

McKinney now moves to dismiss. ECF No. 43.

## II.    STANDARD TO DISMISS UNDER 12(B)(6)

Rule 12(b)(6) authorizes courts to dismiss a complaint for "failure to state a claim upon which relief can be granted." To survive a 12(b)(6) motion, a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Gaskin v. Univ. of Hous. Police Dep't*, No. CV H-25-1658, 2025 WL 3514356, at *3

(S.D. Tex. Dec. 8, 2025) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is facially plausible when the factual allegations "allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (quoting *Calogero v. Shows, Cali & Walsh, L.L.P.*, 970 F.3d 576, 580 (5th Cir. 2020)).

In determining a motion to dismiss, "'[c]ourts accept 'all well-pleaded facts as true' and 'view them in the light most favorable to the plaintiff.'" *Id.* (original alteration adopted) (quoting *Allen v. Walmart Stores, L.L.C.*, 907 F.3d 170, 177 (5th Cir. 2018)). At this stage, courts may only consider "(1) the facts in the complaint; (2) documents attached to the complaint; and (3) matters of which the court may take judicial notice." *Id.* (citing *Walker v. Beaumont Indep. Sch. Dist.*, 938 F.3d 724, 735 (5th Cir. 2019)).

## III.    THE COURT GRANTS HICKS' MOTION TO FILE HIS AMENDED COMPLAINT.

Hicks moves—twice—to file his amended complaint. ECF Nos. 36, 39. He subsequently filed his amended complaint. ECF No. 56. Although he states he filed it "pursuant to the Court's Order granting leave to amend," he does not cite to any order. *Id.* at 1. Nor can the Court find any order granting him leave to file his amended complaint.

In any event, the Court will grant his motions. The amended complaint does

not add any new material allegations—if anything, it contains less than the original.[2]

In the amended complaint, Hicks files his claims "against Defendant Dagnee McKinney *only*" and lists McKinney as the only Defendant in the caption and "parties" section. ECF No. 56 at 1 (emphasis added). As a result, Hicks has dropped his claims against Rundlof.

## IV.   HICKS FAILS TO STATE A PLAUSIBLE CLAIM AGAINST MCKINNEY.

Hicks asserts two claims against McKinney: one under the Fourteenth Amendment of the U.S. Constitution, and the other under Article 1, section 19 of the Texas Constitution. Both fail.

### A.   Hicks Fails to State a Due Process Claim Under the Fourteenth Amendment.

"The due process clause of the Fourteenth Amendment applies only to actions conducted under color of state law; 'the protections of the Fourteenth Amendment do not extend to private conduct abridging individual rights.'" *Lopez v. Beard & Lane, P.C.*, No. CV H-23-2895, 2023 WL 6283325, at *4 (S.D. Tex. Sept. 26, 2023) (internal quotation marks omitted) (quoting *Nat'l Collegiate Athletic Ass'n v. Tarkanian*, 109 S. Ct. 454, 461 (1988)).

Here, Hicks asserts a Fourteenth Amendment due process claim against McKinney. In conclusory fashion, his amended complaint alleges that she "act[ed]

---

[2] McKinney's motion to dismiss was filed as to the original complaint, but since the allegations are the same, the Court construes the motion to dismiss as to the amended complaint.

under color of state law" to deprive him "of constitutionally protected liberty and property interests without due process of law." ECF No. 56 ¶ 9. Notably, neither the original complaint nor amended complaint alleges facts indicating McKinney was—or has ever been—a state official, agent, or employee or otherwise acted under color of state law. In fact, as McKinney points out, she is a private attorney who represented Hicks' ex-wife in their divorce proceedings. ECF No. 43 at 2. Private attorneys are not state actors. *Accord Escobedo v. Reynolds*, No. SA-24-CV-00773-XR, 2025 WL 1699841, at *5 (W.D. Tex. June 5, 2025) (noting that "[i]t is well established that an attorney does not act under color of state law in representing a defendant in a criminal case" and dismissing § 1983 claims against private attorneys); *Hill v. Cox*, No. 3:11-CV-1209-O BK, 2011 WL 5101571, at *1 (N.D. Tex. Sept. 9, 2011) (same), *adopted*, No. 3:11-CV-1209-O, 2011 WL 5101506 (N.D. Tex. Oct. 25, 2011); *Polk Cnty. v. Dodson*, 454 U.S. 312, 324–25 (1981) (holding public defender does not act under color of state law when performing lawyer's traditional functions in representing defendant in criminal case); *Mills v. Crim. Dist. Ct. No. 3*, 837 F.2d 677, 679 (5th Cir. 1988) (holding court-appointed attorneys are not official state actors).

There is a narrow exception where a private actor may be held liable under § 1983 if their challenged conduct is "fairly attributable to the State." *Arvie v. Cathedral of Faith Missionary Baptist Church*, No. 24-30759, 2025 WL 1565149,

at *5 (5th Cir. June 3, 2025) (quoting *Bass v. Parkwood Hosp.*, 180 F.3d 234, 241 (5th Cir. 1999)), *cert. denied sub nom. Arvie v. Cathedral of Faith*, 223 L. Ed. 2d 526 (Jan. 12, 2026). To invoke this exception, a plaintiff must "demonstrat[e] that the non-state actor 'conspired with or acted in concert with state actors.'" *Id.* (quoting *Mylett v. Jeane*, 879 F.2d 1272, 1275 (5th Cir. 1989)). Specifically, "[t]he plaintiff must allege: (1) an agreement between the private and public defendants to commit an illegal act and (2) a deprivation of constitutional rights. Allegations that are merely conclusory, without reference to specific facts, will not suffice." *Id.* (quoting *Priester v. Lowndes Cnty.*, 354 F.3d 414, 420 (5th Cir. 2004)).

Here, Hick alleges no agreement between McKinney and assistant Texas AG Rundlof to commit an illegal act, nor does he assert any facts to support an inference that McKinney acted in concert with Rundlof or any other state actor to violate his constitutional rights. While he seems to imply that the adverse rulings in his child-custody and child-support hearings "were the product of collusion between the attorneys, judges, and court officials, this bare allegation of conspiracy is insufficient to state a § 1983 claim." *Arvie*, 2025 WL 1565149, at *5. "Being on the winning side of a lawsuit does not make a party [or attorney] a co–conspirator or a joint actor with the judge" or other attorneys. *Id.* (cleaned up) (quoting *Dennis v. Sparks*, 449 U.S. 24, 28 (1980)). At bottom, Hicks' bald assertion that McKinney "conspired" with Rundlof to "violate [his] rights" cannot carry the day. *Id.* ("Bald

allegations that a conspiracy existed are insufficient." (quoting *Lynch v. Cannatella*, 810 F.2d 1363, 1370 (5th Cir. 1987))).

Because Hicks fails to allege specific facts showing that McKinney acted under color of state law, his Fourteenth Amendment due process claim against her should be dismissed.

**B.     Hicks Fails to State a Claim Under Article I, Section 19 of the Texas Constitution.**

Article I, section 19 of the Texas Constitution provides that "[n]o citizen of this State shall be deprived of life, liberty, property, privileges or immunities . . . except by the due course of the law of the land." But just as the Fourteenth Amendment only applies to state actors, so too does Article I, section 19 of the Texas Constitution. *See Edinburg Hous. Auth. v. Ramirez*, No. 13-19-00269-CV, 2021 WL 727016, at *6 (Tex. App.—Corpus Christi–Edinburg Feb. 25, 2021, no pet.) ("Due course of law exists to prevent the *State* from depriving persons of liberty and property without notice and hearing." (emphasis in original) (quoting *Tex. A & M Univ. Sys. v. Luxemburg*, 93 S.W.3d 410, 420 (Tex. App.—Houston [14th Dist.] 2002, pet. denied))); *T.L. v. Cook Childs.' Med. Ctr.*, 607 S.W.3d 9, 76 (Tex. App.— Fort Worth 2020, pet. denied) (explaining that "state action" is analyzed the same under "the Fourteenth Amendment of the United States Constitution and 42 U.S.C. § 1983, as well as Article I, Section 19 of the Texas Constitution").

As explained above, McKinney is a private actor. Hicks fails to plead any

facts to the contrary. Thus, his claim against her under Article I, section 19 of the Texas Constitution should be dismissed. *See Ramirez*, 2021 WL 727016, at *6 (holding that "[t]he Commissioners, as *private actors*, were entitled to have [plaintiff's] due course of law and equal protection causes of action [under Article I, section 19] asserted against them dismissed" (emphasis added)); *F.R.I. Ranch Living Tr. v. Gateway First Bank*, No. CV H-24-4238, 2024 WL 4993927, at *4 (S.D. Tex. Dec. 5, 2024) (dismissing claim under Article I, section 19 because "the Complaint, even liberally construed, alleges no state action, a requirement to bring claims pursuant to the Texas Bill of Rights").

## V.    RELATED PENDING MOTIONS

Concluding Hicks' claims against McKinney should be dismissed, the Court turns to several pending motions related to McKinney.

### A. The Court Grants McKinney's Motion To Abate.

McKinney moves to abate this case, including discovery, until the Court resolves her pending motion to dismiss. ECF No. 41. "A trial court has broad discretion and inherent power to stay discovery until preliminary questions that may dispose of the case are determined." *Dougherty v. U.S. Dep't of Homeland Sec.*, No. 22-40665, 2023 WL 6123106, at *7 n.39 (5th Cir. Sept. 19, 2023) (quoting *Petrus v. Bowen*, 833 F.2d 581, 583 (5th Cir. 1987)). A stay of discovery is "appropriate where the disposition of a motion to dismiss might preclude the need

for discovery altogether thus saving time and expense." *Patel v. Qatar Airways Grp. Q.C.S.C.*, No. 1:24-CV-1599-DAE, 2025 WL 1673911, at *1 (W.D. Tex. May 7, 2025) (quoting *U.S. ex rel. Gonzalez v. Fresenius Med. Care N. Am.*, 571 F. Supp. 2d 766, 768 (W.D. Tex. 2008)); *Landry v. Air Line Pilots Ass'n Int'l AFL–CIO*, 901 F.2d 404, 435–36 (5th Cir. 1990) (upholding stay pending final ruling on a motion for summary judgment because discovery would be expensive and burdensome).

The Court has already determined that Hicks' claims against McKinney should be dismissed. If the Court's recommendation is adopted, there will be no need for discovery. Thus, staying discovery until the motion to dismiss is fully resolved is appropriate to reduce unnecessary cost and inconvenience. Accordingly, the Court grants McKinney's motion to abate discovery.

## B. The Court Denies Hicks' Discovery Motions.

Hicks requests the Court permit discovery to move forward pending a final ruling on McKinney's motion to dismiss. ECF No. 44. He has also filed several motions to compel discovery against McKinney. ECF Nos. 46, 62, 63.

Since the Court has already determined that the claims against McKinney should be dismissed and that discovery should be stayed pending a final ruling, the Court denies Hicks' motions. If it turns out that his claims against McKinney will proceed, the Court will lift the stay and discovery can resume. Otherwise, discovery

will not be necessary.

## VI.   CONCLUSION

The Court **ORDERS** that Hicks' motions to file his amended complaint, ECF Nos. 36, 39, are **GRANTED**. Since he already filed his amended complaint, however, he need not refile it.

Further, the Court **RECOMMENDS** McKinney's motion to dismiss, ECF No. 43, be **GRANTED** and Hicks' claims against her be **DISMISSED WITH PREJUDICE**.

Finding dismissal appropriate, the Court **ORDERS** the following:

- McKinney's motion to abate discovery, ECF No. 41, is **GRANTED**. Discovery related to claims against McKinney is **STAYED** pending final resolution of her motion to dismiss.

- Hicks' discovery motions against McKinney, ECF Nos. 44, 46, 62, 63, are **DENIED**.

**The Parties have fourteen days from service of this Report and Recommendation to file written objections. 28 U.S.C. § 636(b)(1)(C); FED. R. CIV. P. 72(b). Failure to file timely objections will preclude review of factual findings or legal conclusions, except for plain error. *Quinn v. Guerrero*, 863 F.3d 353, 358 (5th Cir. 2017).**

Signed at Houston, Texas, on July 8, 2026.

*Dena Palermo*

_____
**Dena Hanovice Palermo**
**United States Magistrate Judge**